**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4107**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

CHAD STEVEN HUMPHRIES,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00087-MR-1)

———————

Submitted:  November 16, 2011    Decided:  November 28, 2011

———————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In December 2009, Chad Steven Humphries pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (2006), six counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 2 (2006), and six counts of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343, 2 (2006). At sentencing, the district court granted the Government's motion for an upward variance and sentenced Humphries to 180 months of imprisonment. Humphries now appeals the criminal judgment.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Despite being advised of his right to do so, Humphries has not filed a pro se supplemental brief. For the reasons discussed below, we affirm.

In the Anders brief, counsel questions whether trial counsel provided ineffective assistance at sentencing. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We conclude that any ineffective assistance of counsel claims are not ripe for review at this time as there is no evidence in the record that trial counsel was ineffective.

2

In conducting our Anders review, we have considered the reasonableness of the district court's upward variance.[*] This court reviews a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This court first examines the sentence for "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). This court also must ensure that the district court analyzed any nonfrivolous arguments presented by the parties, sufficiently explained its reasons for rejecting those arguments, and made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 49-50; Carter, 564 F.3d at 328. Because Humphries argued for a sentence different from the one imposed, he properly preserved a claim of procedural sentencing error, and

---

[*] The Government has not sought to enforce the appeal waiver in this case, which would have precluded review of Humphries' sentence, and we will not raise the issue sua sponte. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)); see also United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

we will reverse an abuse of discretion unless we conclude the error was harmless. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010).

If this court finds a sentence procedurally reasonable, it also must examine the substantive reasonableness of the sentence under the totality of the circumstances. Gall, 552 U.S. at 51; see Carter, 564 F.3d at 328. In the case of an above-Guidelines sentence, a reasonableness analysis will take into account "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). However, this consideration also "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

It is apparent from the record that the district court considered both parties' arguments and had a reasoned basis for its variance from the Guidelines range. The district court properly considered the § 3553(a) factors and explained that it was varying from the Guidelines range because a within-Guidelines sentence would not adequately account for the seriousness of Humphries' offense and criminal history, nor provide sufficient deterrence or just punishment for his crime.

4

The court also specifically addressed defense counsel's argument for a within-Guidelines sentence and explained why it was not adopting counsel's request. Under the circumstances, we are satisfied that the district court rendered an individualized assessment in this case and adequately explained the upward variance and conclude that the sentence is procedurally sound. Additionally, we cannot conclude that the district court abused its discretion in imposing a thirty-month upward variance, and we hold that the sentence is substantively reasonable in light of the facts of this case and the district court's reasoned analysis of the relevant § 3553(a) factors.

In accordance with Anders, we have thoroughly reviewed the record, including the transcript of the Fed. R. Crim. P. 11 hearing, and find no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

5

expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED
